IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES FOR THE USE AND : 
BENEFIT OF FRANKLIN :
FIXTURES, INC. :
P.O. Box 1171 :
Harwich, MA 02645 :
  :
    Plaintiff, :
  :
v. : Case No.:
  :
MCA CONSTRUCTION, INC. :
Serve:  Corporation Service Company :
       Bank of America Center, 16th Floor :
       1111 East Main Street :
       Richmond, VA 23219 :
  :
and :
  :
HARTFORD CASUALTY :
INSURANCE COMPANY :
Serve:  CT Corporation System :
       150 West Market Street Suite 800 :
       Indianapolis, IN 46204 :
  :
    Defendants. :

## COMPLAINT

Plaintiff United States for the Use and Benefit of Franklin Fixtures, Inc., by counsel, files the following Complaint:

### JURISDICTION

1. This lawsuit arises out of construction work that was performed on a bonded, federal project in the District of Columbia. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B).

2. This Court also has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy as the Miller Act bond claim in this matter.

## VENUE

3. The contract at issue was performed in the District of Columbia. Venue therefore lies in the United States District Court for the District of Columbia pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Franklin Fixtures, Inc. ("Franklin") is a Massachusetts corporation, organized and existing under the laws of the Commonwealth of Massachusetts.

5. Defendant MCA Construction, Inc. ("MCA") is a Virginia corporation, organized and existing under the laws of the Commonwealth of Virginia.

6. Defendant Hartford Casualty Insurance Company ("Hartford") is an Indiana corporation, organized and existing under the laws of the State of Indiana.

## STATEMENT OF FACTS

7. On or around September 5, 2014, Defendant MCA contracted with the United States Holocaust Memorial Museum ("USHMM") on the federal public project known as the "USHMM-Museum Shop," pursuant to Contract No. AC-9531-09-0015/TO0024 (hereinafter "Prime Contract").

8. The Prime Contract required MCA, as general contractor, to perform certain work and furnish certain materials for the construction of the USHMM's Museum Shop (hereinafter the "Shop") on federal public property, including construction and installation of the Shop's millwork and fixtures.

9. On or around September 8, 2014, MCA obtained a Miller Act payment bond (hereinafter the "Bond") from Defendant Hartford in the amount of FIVE HUNDRED AND FOUR THOUSAND FOUR HUNDRED AND SIX DOLLARS ($504,406.00) as required by the USHMM and the Miller Act. A true and correct copy of the Bond is attached hereto as Exhibit A.

10. In the Bond, Hartford agreed to be bound "jointly and severally with" MCA to make payment to all persons having a direct contractual relationship with MCA or to any subcontractor of MCA who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract, in the event that MCA failed to make prompt payment to such persons.

11. On or about October 6, 2014, MCA, as prime contractor on the Project, subcontracted with Plaintiff Franklin (hereinafter the "Subcontract") to furnish all labor, materials and equipment necessary to complete the construction and installation of the Shop's millwork and fixtures as required by the Prime Contract, (hereinafter the "Work"). A true and correct copy of the Subcontract is attached hereto as Exhibit B.

12. Pursuant to the Subcontract, MCA originally agreed to pay Franklin the total price of ONE HUNDRED FIFTY NINE THOUSAND TWO HUNDRED FIFTY DOLLARS ($159,250.00).

13. On or around December 29, 2014, MCA approved a Subcontract Change Order addressing work to be completed by Franklin on the Shop's architectural wood casework in the amount of THREE THOUSAND FOUR HUNDRED EIGHTY SEVEN DOLLARS ($3,487.00) (hereinafter "C.O. #1"). A true and correct copy of C.O. #1 is attached as Exhibit C.

14. On or around March 20, 2015, MCA approved a Subcontract Change Order concerning overtime work in the amount of SEVEN THOUSAND TWO HUNDRED DOLLARS ($7,200.00) performed by Franklin. The overtime was requested by USHMM in order to complete work on the Shop as quickly as possible (hereinafter "C.O. #2). The overtime work was discussed and approved both verbally and via email.

15. Pursuant to the Subcontract, C.O. #1 and C.O. #2, MCA owed Franklin the total amount of ONE HUNDRED SIXTY NINE THOUSAND NINE HUNDRED THIRTY SEVEN DOLLARS ($169,937.00) for all of the Work to be completed by Franklin.

16. Franklin performed the Work in compliance with the terms of the Subcontract and Change Orders in a timely manner and without any timely or valid objection from MCA or USHMM.

17. Franklin completed the Work on or about March 10, 2015, all of which work was furnished in the prosecution of its obligations under the Subcontract, as amended.

18. Upon information and belief, USHMM has accepted the Work performed by Franklin pursuant to the Subcontract and the Shop has been operational for some time.

19. Upon information and belief, MCA has received full payment from USHMM for construction of the Shop pursuant to the Prime Contract.

20. On March 25, 2015, Franklin issued a timely invoice to MCA for FIFTY NINE THOUSAND NINE HUNDRED THIRTY SEVEN DOLLARS ($59,937.00): the final amount due under the Subcontract and Change Orders. A true and correct copy of Franklin's March 25, 2015 Invoice is attached hereto as Exhibit D.

21. MCA has failed to pay Franklin the remaining $59,937.00 due under the Subcontract and Change Orders.

22. Franklin's demands for payment to MCA have been ignored.

23. Franklin has submitted a claim for payment to Hartford under the Bond, but Hartford has not as of yet paid Franklin the amount due.

24. Franklin has satisfied any and all conditions precedent prior to the filing of this lawsuit, except to the extent such conditions have been waived or otherwise excused by virtue of Defendants' conduct.

## COUNT I
### (BREACH OF CONTRACT AGAINST MCA CONSTRUCTION, INC.)

25. The allegations set forth in paragraphs 1 - 24 are incorporated herein by reference.

26. Franklin has performed all of its obligations under the Subcontract, as amended.

27. MCA's conduct, as aforesaid, including its failure and refusal to pay Franklin in full for labor, services and materials furnished by Franklin in accordance with the Subcontract constitutes a material breach of the Subcontract, as amended.

28. Franklin has suffered damages as a direct and proximate result of MCA's breach of contract.

WHEREFORE, for the foregoing reasons, Plaintiff Franklin requests that this Court enter a judgment in its favor and against Defendant MCA in the amount of FIFTY NINE THOUSAND NINE HUNDRED THIRTY SEVEN DOLLARS ($59,937.00), plus pre-judgment and post-judgment interest at the legal rate, costs, and such further relief as deemed just and proper.

## COUNT II
### (QUANTUM MERUIT AGAINST MCA CONSTRUCTION, INC.)

29. The allegations set forth in paragraphs 1 - 28 are incorporated herein by reference.

30. Franklin provided valuable labor, services and materials that were necessary for MCA to perform and complete its obligations under the Prime Contract.

31. MCA directly benefited from Franklin's labor, services and materials, including but not limited to the fact that MCA could not have fully performed and completed its obligations under the Prime Contract in the absence of the labor, services and materials that Franklin provided.

32. MCA has failed and refused to pay Franklin for the labor, services and materials referenced herein despite the fact that MCA has been fully paid for construction of the Shop by USHMM pursuant to the Prime Contract.

33. Franklin has suffered damages and MCA has been unjustly enriched as a result of MCA's failure to pay Franklin for the labor, materials and services provided by Franklin.

WHEREFORE, for the foregoing reasons, Plaintiff Franklin requests that this Court enter a judgment in its favor and against Defendant MCA in the amount of FIFTY NINE THOUSAND NINE HUNDRED THIRTY SEVEN DOLLARS ($59,937.00), plus pre-judgment and post-judgment interest at the legal rate, costs, and such further relief as deemed just and proper.

**COUNT III**
**(MILLER ACT PAYMENT BOND CLAIM AGAINST DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY)**

34. The allegations set forth in paragraphs 1 - 33 are incorporated herein by reference.

35. Hartford is obligated, pursuant to the Bond, to pay Franklin for the labor, materials and services it furnished in the construction and installation of the Shop's millwork and fixtures as required by the Prime Contract, and for which MCA failed to make payment.

36.     Hartford has failed to fulfill its obligations under the Bond to pay Franklin for labor, materials and services it furnished in the construction and installation of the Shop's millwork and fixtures as required by the Prime Contract, and for which MCA failed to make payment.

37.     Franklin is entitled to payment from Hartford pursuant to the Miller Act, 40 U.S.C. § 3133(b).

WHEREFORE, for the foregoing reasons, Plaintiff Franklin requests that this Court enter a judgment in its favor and against Defendant Hartford in the amount of FIFTY NINE THOUSAND NINE HUNDRED THIRTY SEVEN DOLLARS ($59,937.00), plus pre-judgment and post-judgment interest at the legal rate, costs, reasonable attorney's fees and such further relief as deemed just and proper.

Respectfully submitted,

FRANKLIN FIXTURES, INC.
By Counsel

_____/s/_____
Russell S. Drazin, Esq.
D.C. Bar No. 470091
Pardo Drazin LLC
4400 Jenifer Street, NW, Suite 2
Washington, DC  20015
T: 202-223-7900
F: 202-223-7901
rdrazin@pardodrazin.com

John Patrick Sherry, Esq.
*To Be Admitted (Application Pending)*
DC Bar No. 1007036
JPS Law PLLC
10513 Judicial Drive, Suite 204
Fairfax, Virginia 22030
T: 703.385.4561
F: 703.890.1596
jpsherry@jpslaw.com
*Counsel for Plaintiff*